IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID LARRY SMITH, JR.                                                                PLAINTIFF

v.                               Civil No. 07-5102

ARAMARK FOOD SERVICE                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, David Larry Smith, Jr., currently incarcerated at the Washington County Detention Center, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. The complaint was filed in forma pauperis (IFP) subject to a later determination of whether it should be served upon the defendant.

On June 19, 2007, the undersigned entered an order (Doc. 5) directing the plaintiff to sign and return an addendum to his complaint. The court received the addendum (Doc. 6) on June, 27, 2007.

### Background

Smith has been incarcerated at the Washington County Detention Center (WCDC) since February 13, 2007. *Addendum* at ¶ 1. He has been sentenced to a term of imprisonment and is awaiting transfer to the Arkansas Department of Correction. *Id.* at ¶ 2.

Smith cannot eat tomatoes. *Addendum* at ¶ 3. Smith indicates there is a medical reason he cannot eat tomatoes and when he was first booked in he sought the assistance of the jail doctor and nurse in making sure the kitchen knew that he cannot eat tomatoes. *Id.*

Smith receives three meals a day. *Addendum* at ¶ 6. The meals are prepared by the defendant Aramark Food Service at the WCDC and served there. *Id.*

Other than the fact that he has been provided tomatoes in some of his meals, the meals

are adequate to maintain his health. *Addendum* at ¶ 7. When there are tomatoes on his tray, the tray sometimes contains other items he can eat and avoid the tomatoes that are served. *Id.* at ¶ 9. When he has requested meals that have contained no tomatoes, the floor officers have responded and he has received different food several hours later. *Id.* at ¶ 8.

## Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with meals adequate to maintain his health. *See e.g., Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996); *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980)(prisoners are guaranteed a reasonably adequate diet). The Eighth Amendment is only violated if the food provided is inadequate to maintain good health. *See e.g., Burgin v. Nix*, 899 F.2d 733, 734-35 (8th Cir. 1990)(inmates do not have a right to be served a particular type of food).

In this case, Smith's claim fails as a matter of law. He concedes other than the fact that he was provided tomatoes in some of his meals, the meals were adequate to maintain his health. *Addendum* at ¶ 7. Moreover, when he requested meals that contained no tomatoes, although he sometimes had to wait for several hours, he did receive different food. *Id.* at ¶ 8. Additionally, the trays he did receive that contained tomatoes sometimes had other items he could eat that contained no tomatoes or tomato products. *Id.* at ¶ 9. There is no indication Smith's health suffered from the diet he received. *See e.g., Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)("no evidence that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food."); *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992)(claim that constitutional rights were violated when he was served cold food was frivolous).

**Conclusion**

Accordingly, I recommend that this case be dismissed on the grounds that the claims are frivolous and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Smith has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Smith is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of July 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE